UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:22-cr-35-MOC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| FERNANDO VILLANUEVA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Early Termination of Probation/Supervised Release. (Doc. No. 2).

I.    BACKGROUND

After being indicted in the Northern District of Georgia, Defendant Fernando Villanueva pled guilty to conspiracy to possess with intent to distribute at least 500 grams of methamphetamine. (Doc. No. 6). The Hon. Eleanor L. Ross, United States District Court Judge, sentenced Defendant to 48 months of imprisonment followed by 5 years of supervised release. Defendant's supervision began in Georgia on July 8, 2021, and his supervision was transferred to this District on or about April 8, 2022. At present, Defendant has completed slightly over half of his 5-year term of supervised release.

On September 27, Defendant moved pro se for early termination of his supervised release. (Doc. No. 2). In support of his motion, Defendant cites negative drug test results, gainful employment, compliance with financial obligations, law abiding behavior, and other factors. (Id.).

The Government submitted a response to Defendant's Motion on November 3, 2023. (Doc. No. 6). The Government does not oppose Defendant's Motion. (Id.). Counsel for the

government consulted with Defendant's probation officer, who states that Defendant has complied fully with his supervision and is considered a "low risk" case. (Id.). Defendant's probation officer notes that he is employed in concrete and construction and lives with his mother, has strong family support, and spends most of his time either working or with his family. (Id.). Defendant has communicated regularly with his probation officer and is available to meet with them when necessary. (Id.). Defendant's probation officer does not oppose Defendant's request for early termination. (Id.).

## II.  DISCUSSION

The Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Early release from supervised release is appropriate when the defendant has exhibited "exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." Folks v. United States, 733 F. Supp. 2d 649, 651 (W.D.N.C. 2010) (internal citation omitted).

"One of the purposes of supervised release is to provide rehabilitation and oversight of the offender to deter their return to crime." Id. at 652. Consequently, "full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." Id. (quoting United States v. McKay, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005)). If it were, then "the exception would swallow the rule." McKay, 352 F. Supp. 2d at 361. Ultimately, the decision whether to terminate a term of supervised release is within the Court's discretion. See United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999) (noting that the phrase "the interest of justice" gives the district court latitude

to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period).

Here, given that Defendant has successfully navigated his supervised release and because his probation officer does not oppose early termination, this Court finds that early termination is appropriate.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Early Termination of Probation/Supervised Release, (Doc. No. 2), is **GRANTED**.

Max O. Cogburn Jr.
United States District Judge

Signed: December 4, 2023